IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
AKRON DIVISION

| | |
|---|---|
| PETER TRAVOSTINO<br><br>  Plaintiff,<br><br>v.<br><br>1ST SECURITY SERVICES OF OHIO CORP.,<br><br>  Defendant. | CASE NO.:_____<br><br>JUDGE: _____<br><br>MAGISTRATE JUDGE: _____<br><br>**JURY DEMANDED** |

# COMPLAINT

### I. INTRODUCTION

1. This is an action brought by Peter Travostino ("Plaintiff" or "Plaintiff Travostino") against 1st Security Services of Ohio Corp. ("Defendant" or "Defendant Security Services").

2. Defendant has unlawfully failed to pay Plaintiff the state and federally required minimum wage for all hours worked and the state and federally required overtime wages for hours worked in excess of forty (40) in a given workweek. Plaintiff seeks all available relief under the Ohio Constitution, the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 *et seq.*, ("the Ohio Wage Act"), and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. Additionally, Defendant has violated the Ohio Prompt Pay act, O.R.C. § 4113.15 ("OPPA") (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts") by failing to pay Plaintiff within thirty (30) days of his last date worked.

3. Accordingly, Plaintiff brings this action to recover unpaid wages, unpaid overtime wages, and related damages.

### II. JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to federal question jurisdiction under 28 U.S.C. § 1331, in that this case arises under a federal law of the United States.

1

5. This Court has supplemental jurisdiction over Plaintiff's Ohio state law claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Plaintiff's claims under the FLSA that they form part of the same controversy.

6. Venue in the Northern District of Ohio is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the unlawful conduct described herein occurred within Stark County, Ohio and Defendant's place of business resides in this district.

**III.  THE PARTIES**

7. Plaintiff Peter Travostino is an adult who resides at 8315 Stow Road, Hudson, Ohio 44236-1543 (Summit County). From approximately October 1, 2019, to November 25, 2020, Plaintiff Travostino worked for Defendant Security Services in the State of Ohio at Defendant's principal location as a non-exempt Supervisor and Assistant to the Vice President of the Corporation, Daniel Lanzalaco.

8. From approximately October 1, 2019 to November 25, 2020, Plaintiff Travostino was an "employee" of Defendant's as defined by the FLSA, § 203(e)(1), and within the meaning set forth in the Ohio Wage Act.

9. During his employment with Defendant, Plaintiff Travostino was not fully and/or properly paid for all compensable hours worked because Defendant did not adequately compensate Plaintiff Travostino for his total hours worked, resulting in payment below the federally and state mandated minimum wage as well as unpaid overtime wages.

10. Defendant Security Services is a domestic for-profit Corporation doing business out of 5458 Fulton Road NW, Canton, Ohio 44718. Process may be served on its Registered Agent, Daniel Lanzalaco, at 7228 West Cross Creek Trail, Brecksville, Ohio 44141.

11. Per its Initial Articles of Incorporation, Defendant Security Services operates a security corporation that provides armed and unarmed security services, electronic security services, and private investigation services, as well as facility management services.

12. During all times material to this complaint, Defendant was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and within the meaning set forth in the Ohio Wage Act.

13. During all times material to this complaint, Defendant operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

14. During all times material to this complaint, Defendant employed Plaintiff to work at its facility, and at various of its clients' sites throughout Ohio, within the meaning of the FLSA, the Ohio Constitution and the Ohio Acts.

**IV. STATEMENT OF FACTS**

15. Defendant is in the business of providing armed and unarmed security services, electronic security services, private investigation services, and facility management services to various clients in Ohio.

16. Plaintiff Travostino was employed by Defendant at its principal place of business, located at 5458 Fulton Road NW, Canton, Ohio 44718, as a non-exempt Supervisor and Assistant to the Vice President of the Corporation, Daniel Lanzalaco.

17. Plaintiff's primary job duties were as a security guard, ensuring the various work premises were safe and securing the premises from the threat of any potential trespassing.

3

Additionally, Plaintiff performed other duties while at work, such as conducting initial interviews of potential new hires and training various new hires.

18. Additionally, Plaintiff trained new hires and conducted initial interviews of potential new hires, which required him to travel from Defendant's principal place of business to various sites throughout Ohio in order to interview potential new hires, resulting in Plaintiff traveling approximately 25.2 hours per workweek.

19. Plaintiff was an hourly, non-exempt employee of Defendant's as defined in the FLSA and the Ohio Acts.

20. During his employment with Defendant, Plaintiff was not fully and/or properly paid for all his compensable hours worked because Defendant did not pay Plaintiff for the time he spent diving to and from new hire trainings and initial interviews, resulting in both unpaid wages and unpaid overtime wages.

21. Plaintiff regularly worked more than forty (40) hours in a workweek for nearly all the time he worked for Defendant.

22. Per Defendant's policies, Plaintiff's hours were recorded by Defendant, and the only hours accounted for on Plaintiff's timesheets were shifts in which he served as a security guard.

23. The time Plaintiff spent traveling from worksite to worksite, for the purpose of training new hires and initially interviewing potential hires, went unrecorded by Defendant, as well as the actual time spent training and interviewing these new and potential hires.

24. As a result of not having his total time worked recorded on his time sheets, Plaintiff was often paid below the federally and state mandated minimum wage.

25. Additionally, because Defendant did not record Plaintiff's significant compensable travel time, Plaintiff's timesheets do not reflect hours worked over forty (40) in a particular workweek, despite Plaintiff actually working more than forty (40) hours in each workweek he was

4

employed by Defendant when his compensable travel time, interview time, and training time is taken into account.

26. Throughout Plaintiff's employment, Plaintiff was compensated on a salary basis by Defendant at approximately $500.00 per week, regardless of the amount of hours Plaintiff would work in any particular workweek.

27. Plaintiff was never paid at least $684.00 per week on a salary basis as defined in 29 C.F.R. § 541.600.

28. Beginning on approximately July 29, 2020, Plaintiff began receiving $25.00 per week in per diem from Defendant, resulting in Plaintiff being compensated at approximately $525.00 per week regardless of the amount of hours Plaintiff would work in any workweek.

29. Furthermore, despite conducting initial interviews for potential new hires and training various new hires, Plaintiff's primary duty was that of a security guard, in which he was to ensure the various work premises were safe and to secure the premises from the threat of any potential trespassing.

30. Not only did Plaintiff not have the authority to hire or fire employees, his suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees was not given any particular weight.

31. Additionally, Plaintiff's primary security guard duties did not include the exercise of discretion and judgment with respect to matters of significance for Defendant.

32. Plaintiff was to follow the practices and procedures established by Defendant when performing his primary job duty of security guard.

33. Plaintiff regularly worked more than forty (40) hours a workweek, sometimes even reaching over eighty (80) hours worked in a particular workweek.

34. As a result of being paid either $500.00 per week (this was done from approximately October 1, 2019 through approximately July 28, 2020) or $525.00 per week (this

was done from approximately, July 29, 2020 until approximately November 18, 2020), Plaintiff's regular rate varied depending upon the total number of hours he would work in a particular workweek.

35. Because Plaintiff regularly worked more than forty (40) hours a week while being paid on a salary basis, Plaintiff's regular rate often fell below the federally and state mandated minimum wage when his gross weekly wage is divided by the total hours he worked in a workweek.

36. In fact, Plaintiff's regular rate dropped to as low as $7.02 in one particular workweek.

37. Plaintiff also never received overtime payment for his hours worked over forty (40) in any given workweek, as he was paid on salary basis which did not take into account his hours worked over 40 in a workweek.

38. Indeed, this pay practice put in place by Defendant resulted in Plaintiff not being paid the state and federally mandated one and one-half times his regular rate of pay for all hours worked in excess of forty (40) in a workweek.

39. The unpaid work, done in excess of forty (40) hours in a workweek that should have been paid at one and one-half times his regular rate, performed by Plaintiff directly benefited Defendant by reducing the cost of labor for Defendant who willfully withheld compensation for that work from him.

40. Plaintiff was furthering the business purposes of Defendant's enterprise when he performed his job duties and when he performed the tasks that were integral and indispensable to his principal work activities.

41. Plaintiff was not paid on a salary basis and did not receive at least $684.00 per week for all weeks he worked.

42. Plaintiff was Defendant's "non-exempt" employee under the FLSA, the Ohio Constitution and the Ohio Wage Act.

43. Plaintiff was not employed by Defendant in a job classification and did not perform job duties which were consistent with a bona fide executive, administrative, professional, outside sales or computer employee exempt from the mandate under the FLSA, the Ohio Constitution, and/or the Ohio Wage Act to pay at least the minimum wage and/or overtime.

44. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered a loss of income and federal and Ohio wage violations.

45. The FLSA and Ohio Wage Act requires Defendant to pay overtime compensation to its employees at the rate of one and one-half times their regular rate for the hours they worked in excess of forty. 29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10.

46. Defendant's violations of the FLSA and the Ohio Wage Acts are willful because Defendant did not have a good faith basis for the way it paid Plaintiff.

**V.  CAUSES OF ACTION**

<u>**COUNT I**</u>
**FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY MINIMUM WAGE**

47. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

48. At all times relevant to this complaint, Plaintiff was Defendant's "employee" within the meaning of 29 U.S.C. § 203(e)(1).

49. At all times relevant to this complaint, Defendant was Plaintiff's "employer" within the meaning of 29 U.S.C. § 203(d).

50. At all times relevant to this complain, Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

51. At all times relevant to this complaint, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

52. Plaintiff was not employed by Defendant in a job classification and did not perform job duties which were consistent with a bona fide executive, administrative, professional, outside sales or computer employee exempt from the mandate under the FLSA to pay at least the minimum wage and/or overtime.

53. Because Plaintiff regularly worked more than forty (40) hours a week while being paid on a salary basis, Plaintiff's regular rate often fell below the federally mandated minimum wage when his gross weekly wage is divided by the total hours he worked in a workweek.

54. At all times relevant to this complaint, Defendant failed to pay Plaintiff the minimum wage in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206(a) & 207(a).

55. During the time that Plaintiff worked for Defendant, Plaintiff was not paid $684.00 a week for every week he worked.

56. Because Defendant's failure to pay such wages was willful pursuant to 29 U.S.C.§ 255(a), Plaintiff is entitled to these wages dating back three (3) years.

57. Defendant's failure to pay Plaintiff the lawful minimum wage rates while Plaintiff was an employee was not based on good faith or reasonable grounds, or a belief that such failure was not in violation of the FLSA. Pursuant to 29 U.S.C. 216(b), Plaintiff is therefore entitled to liquidated damages in an amount equal to the wages which she has not been paid.

### COUNT II
### FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME WAGES

58. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

59. During all times material to this Complaint, Defendant was an "employer" as defined by the FLSA, § 203(d).

60. During all times material to this Complaint, Plaintiff was an "employee" of Defendant as defined by the FLSA, § 203(e)(1).

61. Defendant, as described above, violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, by failing to pay Plaintiff at the overtime rate for all hours worked in excess of forty (40) per workweek.

62. Plaintiff was not exempt from receiving FLSA overtime benefits because *inter alia*, he was not an "executive," "administrative," or "learned professional" employee, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.1, *et seq*.

63. Plaintiff was not paid on a salary basis and was not paid at least $684.00 per week for every week he worked.

64. Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, he was neither an "executive," "administrative," "professional," "outside sales" nor a "computer" employee, as those terms are defined under Section 13 of FLSA. *See* 29 C.F.R. § 541.1, *et seq*.

65. Plaintiff should have been paid the correct overtime rate for all hours worked in excess of forty (40) hours per workweek during the three years from the filing date of the Complaint.

66. At all times material to this Complaint, Defendant employed Plaintiff to work as a non-exempt Supervisor and Assistant to the Vice President of the Corporation while primarily performing the duties of a security in furtherance of its business purpose of providing armed and unarmed security services, electronic security services, private investigation services, and facility management services.

67. At all times material to this Complaint, Defendant regularly employed Plaintiff to work more than forty (40) hours in a workweek.

68. At all times material to this Complaint, Plaintiff did not receive one and one-half times his regular rate for all hours he worked more than forty (40) in a workweek as compensation at an hourly rate for all hours worked.

69. At all times relevant to this Complaint, Defendant violated the FLSA by repeatedly failing to compensate Plaintiff for all hours worked.

70. At all times relevant to this Complaint, Defendant violated the FLSA by repeatedly failing to pay Plaintiff the legally mandated overtime premium at a rate no less than one and one-half Plaintiff's regular pay rate for all hours worked in excess of forty (40) worked in one workweek.

71. Defendant knew or should have known of the overtime payment requirements of the FLSA. Defendant willfully withheld and failed to pay the overtime compensation to which Plaintiff is entitled.

72. Defendant willfully violated and continues to willfully violate the FLSA, by having engaged and continuing to engage in conduct, which demonstrates a joint willful and/or reckless disregard for the provisions of the FLSA.

## COUNT III
## VIOLATIONS OF ARTICLE II, SECTION 34A OF THE OHIO CONSTITUTION AND O.R.C. 4111 FOR FAILURE TO PAY THE OHIO MINIMUM WAGE

73. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

74. Section 34a of Article II of the Ohio Constitution ("Ohio Constitution") requires that every employer shall pay each of the employer's employees at a wage rate of not less than the wage rate specified in Section 34a.

75. At all times relevant to this Complaint in 2019, the Ohio minimum wage for non-exempt employees was $8.55 per hour.

76. At all times relevant to this Complaint in 2020, the Ohio minimum wage for non-exempt employees was $8.70 per hour.

77. At all times relevant to this Complaint, Plaintiff was not exempt from the minimum wage provisions of the Ohio Constitution or the Ohio Wage Act.

78. At all times relevant to this Complaint, Defendant was an "employer" covered by Section 34(a) of the Ohio Constitution and has been thus required to comply with its mandates.

79. At all times relevant to this Complaint, Plaintiff was a covered "employee" of Defendant's pursuant to Section 34(a) of the Ohio Constitution and thus entitled to the Ohio Wage Act's protections.

80. Plaintiff was not employed by Defendant in a job classification and did not perform job duties which were consistent with a bona fide executive, administrative, professional, outside sales or computer employee exempt from the mandate under the FLSA, the Ohio Constitution, and/or the Ohio Wage Act to pay at least the minimum wage and/or overtime.

81. Defendant violated the Ohio Constitution and the Ohio Wage Act by refusing to pay Plaintiff for all hours worked between approximately October 1, 2019 and approximately November 25, 2020, as Defendant did not pay Plaintiff all wages for all hours worked.

82. Because Plaintiff regularly worked more than forty (40) hours a week while being paid on a salary basis, Plaintiff's regular rate often fell below the Ohio mandated minimum wage when his gross weekly wage is divided by the total hours he worked in a workweek.

83. In violating the Ohio Constitution and/or the Ohio Wage Act, Defendant acted willfully, without a good faith basis, and with reckless disregard of applicable Ohio law.

84. Defendant's failure to pay Plaintiff the lawful Ohio minimum wage rates constitutes a violation of the Ohio constitution and the Ohio Wage Act resulting in Plaintiff's entitlement to treble damages, attorney's fees, and costs, and any other such relief the Court would grant.

### COUNT IV
### OHIO WAGE ACT
### FAILURE TO PAY OVERTIME WAGES

85. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

86. The Ohio Wage Act provides that covered employees shall be compensated for every hour worked in one workweek. *See* O.R.C. §§ 4111, *et seq.*; see also 29 U.S.C. § 206(b).

87. The Ohio Wage Act provides that employees shall receive overtime compensation at a rate "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) hours in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

88. At all times relevant to this Complaint, Defendant was an "employer" covered by the Ohio Wage Act and has been thus required to comply with its mandates.

89. At all times relevant to this Complaint, Plaintiff was a covered "employee" of Defendant's pursuant to the Ohio Wage Act and thus entitled to the Ohio Wage Act's protections.

90. At all times relevant to this Complaint, Defendant violated the Ohio Wage Act by repeatedly failing to compensate Plaintiff for all hours worked, including Defendant's repeated action of refusing to compensate Plaintiff for all hours worked over forty (40) hours in one workweek at a rate not less than one and one-half times.

91. At all times material to this Complaint, Plaintiff did not receive one and one-half times his regular rate for all hours he worked more than forty (40) in a workweek as compensation at an hourly rate for all hours worked.

92. At all times relevant to this Complaint, Defendant violated the Ohio Wage Act by repeatedly failing to pay Plaintiff the legally mandated overtime premium at a rate no less than one and one-half Plaintiff's regular pay rate for all hours worked in excess of forty (40) worked in one workweek.

93. Plaintiff is not exempt from the wage protections of Ohio Law. During relevant times, Plaintiff was not exempt from receiving overtime because he was not an "executive," "administrative," "professional," "outside sales" or "computer" employee, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see also* C.F.R. §§ 541.0.

94. In violating the Ohio Wage Act, Defendant's acts and omissions have been of a willful, intentional, and bad faith nature or otherwise in reckless disregard of the Ohio Wage Act.

## COUNT IV
## OHIO PROMPT PAY ACT-
## FAILURE TO PROMPTLY PAY WAGES

95. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

96. At all times relevant to this Complaint, Defendant was Plaintiff's "employer", and was required to comply with the Ohio Prompt Pay Act's provisions. *See* O.R.C. § 4113.15.

97. The OPPA provides that employers shall pay covered employees all wages, including overtime, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* O.R.C. § 4113.15(A).

98. At all times relevant to this Complaint, Defendant has refused to promptly pay Plaintiff—Defendant has missed, and has not yet paid, several overtime payments owed to Plaintiff earned through his working more than forty (40) hours in a workweek beginning in approximately the October 1, 2019—within (30) days of performing the work. *See* O.R.C. § 4113.15(A).

99. Additionally, at all times relevant to this Complaint, Defendant has refused to promptly pay Plaintiff several payments owed to Plaintiff earned through his compensable travel from worksite to worksite as well as his compensable time spent interviewing and training potential and new hires within thirty (30) days of Plaintiff's performance of the work. *See* O.R.C. § 4113.15(A).

100. At all times relevant to this Complaint, Defendant has refused to pay Plaintiff all owed overtime wages at one and one-half times his normal hourly rate, within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

101. Plaintiff's wages remain unpaid for more than thirty (30) days beyond his regularly scheduled payday.

102. Defendant's violations of the OPPA have been of a willful, intentional, or bad faith nature or were otherwise exhibited a reckless disregard of the OPPA's provisions.

## **JURY DEMAND**

Plaintiff requests a trial by jury on all his claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Peter Travostino ("Plaintiff") prays that this Court enter the following relief:

1. Expectation and damages for all missed payments taken from or applied to Plaintiff's pay.

2. An order awarding Plaintiff back pay equal to the amount of all unpaid overtime and hourly pay for three (3) years preceding the filing of this complaint to the present, plus an additional equal amount in liquidated damages.

3. Pursuant to O.R.C. § 4111.14(J), an order awarding an amount set by the court sufficient to compensate Plaintiff and deter future violations by the Defendant of the Ohio Wage Act, but not less than one hundred fifty dollars for each day that the violation continued.

4.	Awarding Plaintiff, the sum of 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the Ohio Prompt Pay Act, § 4113.15(A).

5.	An order awarding attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

6.	Any other relief to which the Plaintiff may be entitled.

Dated: June 8, 2021

Respectfully Submitted,

**BARKAN MEIZLISH DEROSE WENTZ MCINERNEY PEIFER, LLP**

/s/*Robert E. DeRose*
Robert E. DeRose (OH Bar No. 0055214)
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
Facsimile: (614) 744-2300
bderose@barkanmeizlish.com

*Counsel for Plaintiff*